(75 Hun, 114.)

## PEOPLE v. MADISON SQUARE BANK.

### In re FITZGERALD.

(Supreme Court, General Term, First Department. January 12, 1894.)

CONSTRUCTIVE TRUSTS—RECEIVING PAYMENT AFTER ASSIGNING SECURITY.

    A bank, after having assigned a mortgage theretofore owned by it, accepted a payment from the mortgagor, who had not had notice of the assignment. *Held*, that receivers of the bank, appointed in insolvency proceedings after such payment, would be required to pay over the amount thereof on an application made by the mortgagor.

Appeal from special term, New York county.

Application by George T. Fitzgerald for an order requiring the receivers of the Madison Square Bank to pay out of the funds in their hands as receivers, and before any distribution of the assets of said bank is made, to the State Trust Company, the sum of $1,588.77, with interest from July 25, 1893, with directions that credit be given to that amount upon a certain mortgage made by the said Fitzgerald, and which had been assigned by the Madison Square Bank to said State Trust Company, of which assignment said Fitzgerald had received no notice. The application was denied, and petitioner appeals. Reversed.

On June 10, 1891, George T. Fitzgerald, the petitioner, executed a mortgage to one Henry Morgenthau for $2,580, due June 15, 1894. Morgenthau assigned the same to the Title Guarantee & Trust Company October 7, 1891. The latter assigned the same to the Madison Square Bank March 18, 1892, of which the petitioner had due notice. On July 25, 1892, the latter, on suggestion from the Madison Square Bank, paid the bank $1,580, to be applied on the principal, and $8.77 on the interest, then due on said mortgage. The bank became insolvent, and Miles M. O'Brien and James G. Cannon were appointed receivers thereof in August, 1893. On October 30th, thereafter, said Fitzgerald was notified by the State Trust Company, 36 Wall street, that the latter held and owned said mortgage by assignment from the Madison Square Bank, the latter having assigned the same April 6, 1893, and this was the first notice he had. Said State Trust Company further claimed the entire amount of $2,580 as due, with interest, and refused, on demand of Fitzgerald, to credit the amount of $1,580 as paid in reduction of said principal, and the interest paid at the same time, of $8.77. Thereupon, this petitioner notified the receivers of the Madison Square Bank of this claim of the State Trust Company, and was informed by them that the amount in ques-

tion, of $1,588.77, had been duly passed to the credit of said Madison Square Bank. Yet the latter, and its receivers and attorneys, refuse, and ever have refused, to pay this money over to the State Trust Company, or to any one, to be duly credited on said mortgage.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

L. W. Redington, for appellant.
Moses Weinman, for respondent.

PER CURIAM. The money paid by the petitioner in this proceeding having been wrongfully received by the Madison Square Bank after it had parted with the bond and mortgage upon which it was paid, the petitioner is entitled to be put in precisely the same position which he would have occupied had the bank held the mortgage at the time of the payment, which the bank or its receivers cannot be heard to object to. This can only be done by directing the receivers to pay the money of the petitioner, which they have in their possession, to the State Trust Company, to be applied upon the bond and mortgage in question. The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.